STANDARD OIL CO. v. SUTHERLAND.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1917.)

No. 3046.

1. TRIAL ⊃156(3)—DEMURRER TO EVIDENCE—EFFECT.

    In passing on requests based on the theory that there was insufficient evidence to sustain plaintiff's contention, the trial court should take that view of the evidence most favorable to plaintiff; and where reasonable men could draw different conclusions, the requests should be denied.

2. TRIAL ⊃284—INSTRUCTIONS—OBJECTIONS.

    Where defendant reserved no exceptions to the general charge, it must be presumed to have been satisfied with it.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action by Anna Sutherland, administratrix of the estate of Phyllis Sutherland, deceased, against the Standard Oil Company, begun in state court and removed to the federal court. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Geo. H. Klein, of Detroit, Mich., for plaintiff in error.

Ralph E. A. Routier, of Detroit, Mich., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and KILLITS, District Judge.

PER CURIAM. An action was commenced by the administratrix in the Wayne county circuit court, Michigan, and removed to the court below on petition of defendant company. On the evening of December 19, 1913, the plaintiff's decedent, Phyllis Sutherland, was injured by a horse-drawn truck of defendant, and shortly after the injury she died. The injury occurred on Lincoln avenue at its junction with Baltimore avenue, Detroit, Mich. The action was to recover damages occasioned by the decedent's injury and death, and, as ultimately formulated, was rested solely on one count of the declaration embracing the provision of the survival act of Michigan "for negligent injury to persons"; issue being joined by the usual plea. The cause was tried to the court and jury and resulted in a verdict and judgment of $5,500 for plaintiff. The defendant brings error.

At the close of all the testimony the defendant requested the court to charge the jury as matter of law (a) that there was no evidence of negligence on the part of defendant; (b) that the "deceased was guilty of such contributory negligence * * * as would bar her from recovering had she survived, and * * * her administratrix is equally barred"; and hence that the verdict must be no

———

cause of action and in favor of the defendant. Further, (c) that there was "no evidence * * * of what this child (nine years and seven months of age) or any other child of her circumstances" would probably have earned after arriving at her majority, and that if the jury should find for the plaintiff under the survival act, the verdict should be for nominal damages only. The theory of the first and third requests alike was lack of evidence, and that of the second request the presence of evidence showing that decedent was neglectful of obvious dangers to her personal safety.

[1, 2] The settled rule in this court required the trial judge, in passing upon these requests, to take that view of the evidence which was most favorable to the plaintiff. The result of our examination of the record is convincing that fair-minded men might honestly draw different conclusions from the facts adduced; the requests, then, were rightly denied. Further, the general charge was clear and comprehensive, and as favorable to the rights of defendant as the evidence warranted. Defendant reserved no exception to the charge and must be considered to have been satisfied with it; but defendant presented motion for new trial upon grounds embracing all the assignments of error, and, while the motion entitled the trial judge to weigh the evidence, he denied the motion. Discussion of such a record or of the decisions relied on by defendant can serve no useful end.

We conclude that the judgment must be affirmed, and an order will be entered accordingly.